UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALONZO K. MORGAN, and
DONITA MORGAN,

        CIVIL ACTION NO. 08-12236

    Plaintiffs,

        DISTRICT JUDGE DAVID M. LAWSON
v.        MAGISTRATE JUDGE DONALD A. SCHEER

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
CHASE MANHATTAN BANK, AMERICA'S
SERVING COMPANY, DEUTSCHE
BANK, BNC MORTGAGE, INC., and
ALL THEIR AGENTS,

    Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiffs' Motion for Relief from Judgment should be DENIED, as they have failed to show mistake, inadvertence, surprise or excusable neglect to justify relief from final judgment.

\* \* \*

This matter originally came before the magistrate judge on Order of Reference for all pretrial matters. Plaintiffs, proceeding pro se, filed an Amended Complaint, on May 30, 2008, seeking a judgment by this court extinguishing their home mortgages and restoring their' good names and credit rating. In the alternative, Plaintiffs prayed that defendant Mortgage Electronic Registration Systems, Inc. be ordered to accept Plaintiffs offer of $235,000.00, and that the court further order that "the foreclosures against subject property be deemed as if they had never happened." Adopting a Report and Recommendation

(Docket #9), the Court on July 15, 2008, dismissed defendants Mortgage Electronic Registration Systems, Inc. and BNC Mortgage, Inc., with prejudice, pursuant to the Rooker-Feldman doctrine and res judicata (Docket #10).

The case was allowed to proceed against the remaining defendants. Plaintiffs were responsible for service of Summons and Complaint in accordance with the provisions of Fed.R.Civ.P. 4(l). The remaining defendants still have not been served, now more than 120 days after the Amended Complaint was filed on May 30, 2008. Plaintiffs were ordered on October 6, 2008, to Show Cause, in writing, within thirty (30) days, why the Amended Complaint should not be dismissed pursuant to Fed.R.Civ.P. 4(m) for failure to serve Summons and Complaint in accordance with Fed.R.Civ.P. 4(l).
Plaintiffs never filed a response to the show cause order.

Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal. Habib v. General Motors Corporation, 15 F.3d 72, 73 (6th Cir. 1994). The Plaintiffs had the burden of establishing good cause. Friedman v. Estate of Presser, 929 F.2d 1151, 1157 (6th Cir. 1991). Plaintiffs did not satisfy that burden. As a result, pursuant to Fed.R.Civ.P. Rule 4(m), I recommended on December 10, 2008, that the remaining defendants in this action be dismissed for want of prosecution (Docket #12).

Plaintiffs, now assisted by retained counsel, filed timely objections to Report and Recommendation on December 22, 2008 (Docket #14). In their Objections to the Report and Recommendation, Plaintiffs did not specifically address the issue of why they failed to respond to the Court's Show Cause Order of October 6, 2008, seeking justification for failure to serve the remaining parties. Plaintiffs only claimed that they had recently obtained

**2**

an attorney, who was in the process of preparing pleadings necessary to litigate the issues presented in the Amended Complaint.

Plaintiffs filed the Rule 60(b) Motion for Relief from Judgment or Order on January 28, 2009. They sought relief from the final judgment entered by this Court on July 15, 2008, dismissing defendants Mortgage Electronic Registration Systems, Inc. and BNC Mortgage, Inc., with prejudice, pursuant to the Rooker-Feldman doctrine and res judicata. Plaintiffs also renewed their objection to the recommendation that the remaining defendants be dismissed for failure to serve in a timely manner (Docket #15). They claimed that their previous pro se status constituted excusable neglect, under Rule 60(b)(1), given their lack of knowledge of the law. The motion was referred to the undersigned on January 29, 2009.

DISCUSSION

Federal Rule of Civil Procedure 60(b)(1) permits relief "from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect." Fed.R.Civ.P. 60(b)(1). In order to receive relief under this rule, the moving party must demonstrate both the existence of mistake, inadvertence, surprise, or excusable neglect and a meritorious claim or defense. Marshall v. Monroe & Sons, Inc., 615 F.1156, 1160 (6th Cir. 1980). Neither carelessness nor ignorance of the law on the part of the moving party will justify relief under Fed.R.Civ.P. 60(b)(1). FHS Equities, LLC, v. MBL Life Assurance Corp., 188 F.3d 678, 685-687 (6th Cir. 1999).

In their motion for relief from judgment, Plaintiffs argue that they are entitled to relief based upon their own mistake and inadvertence when prosecuting this case. They essentially maintain that their pro se status and lack of legal training excused them from

**3**

filing both timely objections to the magistrate judge's June 26, 2008 report and recommendation, and a timely notice of appeal from the district court's judgment on July 15, 2008, adopting the report and recommendation. They also assert that their lack of an attorney constituted excusable neglect for not responding to the Court's October 6, 2008, Show Cause Order seeking justification for a lack of service on the remaining defendants.

Plaintiffs argument is similar to that of another pro se litigant in Merriweather v. Wilkinson, 83 Fed.Appx. 62, 2003 WL 22905293 (6th Cir. 2003)(not recommended for publication). Merriweather argued that he was entitled to relief from judgment under Rule 60(b)(1) based upon his own mistake and inadvertence when prosecuting his case pro se. He maintained that his pro se status and lack of legal training excused him from filing both objections to the magistrate judge's report and recommendation and a timely notice of appeal from the district court's judgement adopting the report and recommendation.

Under these circumstances, Merriweather was not entitled to relief under Fed.R.Civ.P. 60(b)(1) because he did demonstrate the requisite mistake, inadvertence, surprise or excusable neglect which are required to justify relief pursuant to that rule. Merriweather, 83 Fed. Appx at 63-64, 2003 WL 22905293 at *1(the Sixth Circuit citing FHS Equities, LLC., supra, 188 F.3d at 685-687; Marshall, supra, 615 F.2d at 1160; Saxion v. Titan Mfg., 86 F.3d 553, 558 n.1 (6th Cir. 1996)). So should it be with Plaintiffs here.

In this case, Plaintiffs have failed to state any valid ground justifying relief under 60(b)(1). Nor has Plaintiffs presented exceptional or extraordinary circumstances which would justify relief under Rule 60(b)6). In short, Plaintiffs allegations do not justify relief from the Court's dispositive judgment dismissing defendants Mortgage Electronic Registration Systems, Inc. and BNC Mortgage, Inc., with prejudice pursuant to the Rooker-

Feldman doctrine and res judicata. Accordingly, Plaintiffs' Motion for Relief from Order should be DENIED, as they have failed to show mistake, inadvertence, surprise or excusable neglect to justify relief from final judgment.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Lawson's acceptance thereof is waived.

                                            s/Donald A. Scheer
                                            DONALD A. SCHEER
                                            UNITED STATES MAGISTRATE JUDGE

DATED: March 12, 2009

_____

### CERTIFICATE OF SERVICE

I hereby certify on March 12, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 12, 2009: **None.**

                                            s/Michael E. Lang
                                            Deputy Clerk to
                                            Magistrate Judge Donald A. Scheer
                                            (313) 234-5217