UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALONZO K. MORGAN and DONITA
E. MORGAN,

                Plaintiffs,                Case Number 08-12236
v.                                                   Honorable David M. Lawson
                                                            Mag. Judge Donald A. Scheer

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., CHASE MANHATTAN BANK,
AMERICA'S SERVING COMPANY, DEUTSCHE
BANK, BNC MORTGAGE, INC., and ALL THEIR
AGENTS,

                Defendants.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORTS AND
RECOMMENDATIONS, OVERRULING THE PLAINTIFFS' OBJECTIONS, DENYING
AS MOOT THE PLAINTIFFS' EMERGENCY *EX PARTE* MOTION FOR
TEMPORARY RESTRAINING ORDER, AND DISMISSING THE CASE WITHOUT
PREJUDICE**

      The matter is presently before the Court on the two sets of the plaintiffs' objections to the two reports and recommendations issued by Magistrate Judge Donald A. Scheer and on the plaintiffs' emergency *ex parte* motion for a temporary restraining order. In his first report filed on December 10, 2008, Judge Scheer recommended that the Court dismiss the case *sua sponte* based on the failure to serve the defendants. In his second report filed on March 12, 2008, Judge Scheer recommended that the Court deny the plaintiffs' motion to extend time to serve the complaint on the defendants and the plaintiffs' request for Rule 60(b)(1) relief from the Court's earlier order dismissing defendants Mortgage Electronic Registration Systems, Inc. and BNC Mortgage, Inc. based on preclusive effects of a state-court judgment. Although the plaintiffs have not cured the deficiency with service on the defendants to this day, on May 4, 2009 they filed an *ex parte* motion for a temporary restraining order to enjoin defendant Mortgage Electronic Registration Systems, Inc.

from executing the order of eviction issued to it by the 46th District Court for the State of Michigan. That motion apparently has not been served on the defendants, either.

> Rule 4(m) of the Federal Rules of Civil Procedure states:
>
> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Where the plaintiff seeks extension of time for service beyond 120 days, he bears the burden of showing that the failure to serve a defendant on time was due to excusable neglect. *Scarton v. Charles*, 115 F.R.D. 567, 569 (E.D. Mich. 1987). "Mere ignorance of the rules, or failure to keep track of dates is not good cause for failure to serve a party on time." *Ibid.* (citing *Reynolds v. United States*, 782 F.2d 837 (9th Cir. 1986)). Nor does good cause exist merely by virtue of actual notice to the defendant and lack of prejudice to the defendant from the late service. *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 324 (E.D. Mich. 2001). Rather, the excusable neglect standard requires a showing of a reasonable effort on behalf of the plaintiff to serve the defendant within the 120-day deadline, or a showing that the defendant intentionally has evaded service. *Ibid.*

Although courts usually construe Rule 4 liberally and in favor of the resolution of the case on the merits, *see Gottfield v. Frankel*, 818 F.2d 485, 493 (6th Cir. 1987), that liberality cannot excuse the complete failure of the plaintiffs to account for lack of service on the remaining defendants. The plaintiffs filed their complaint on May 21, 2008. To this day, they have not served any of the defendants. The only justification that the plaintiffs provide for failing to serve the defendants is that they did not have an attorney at first and did not know how to do it themselves,

and that they have been engaged in multiple other proceedings that distracted them from serving the defendants in this case.

None of these excuses suffice. The plaintiffs retained counsel to represent them on December 22, 2008; over four months have elapsed since, and they still failed to serve the remaining defendants. Even assuming that the plaintiffs' *pro se* status might have excused delay in service initially, *see Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994), it has been over four months since the plaintiffs retained counsel. The plaintiffs do not suggest that their service was hindered by the defendants' resistence or that the service was attempted but defective. Nor do they suggest that they had other cause to justify their failure to serve the defendants. Their distraction by parallel litigation is not an adequate ground for extending Rule 4 deadlines. Finally, the plaintiffs have not served even their emergency *ex parte* motion for temporary restraining order on the defendants. Rather, they only promise that the motion "will be served upon the Resident Agents of the affected [d]efendants." Because the plaintiffs have not served the defendants or offered a good cause for their failure to do so, the Court will deny the plaintiffs' motion to extend the time for service, overrule their objections to the magistrate judge's report recommending dismissal for non-service, and will dismiss the action for lack of service under Rule 4(m).

The plaintiffs also seek relief under Rule 60(b) from the Court's July 15, 2008 order adopting magistrate judge's report and recommendation and dismissing defendants Mortgage Electronic Registration Systems, Inc. and BNC Mortgage, Inc. on the grounds of the *Rooker-Feldman* doctrine and *res judicata*. In their Rule 60(b) motion, filed together with the objections to the second report and recommendation on January 28, 2009, the plaintiffs again cite to their ignorance of law and their *pro se* status as the reasons for their failure to file objections to the magistrate judge's report and

recommendation and their tardy challenge to the Court's July 15, 2008 order. The plaintiffs were required to respond to the magistrate judge's report and recommendation within ten days, and their failure to do so waived their rights to appeal the order and released the Court from its duty to review the matter independently. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). The excuse offered by the plaintiffs – their ignorance of law and their late retention of counsel – is not sufficient under Rule 60(b)(1) or (6). *See McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 595-96 (6th Cir. 2002) (stating that where the circumstances in the case fall squarely within the first five paragraphs described in Rule 60(b) but do not warrant relief under the terms of the Rule, a party is not eligible for relief under the catch-all exception of the Rule, *see* Fed. R. Civ. P. 60(b)(6)). Therefore, the Court will deny the plaintiffs' motion for relief under Rule 60(b) contained in their motion to extend time to serve the complaint.

Accordingly, it is **ORDERED** that the plaintiffs' objections to both December 12, 2008 and March 12, 2008 reports by the Magistrate Judge Donald A. Scheer [dkts # 14, 19] are **OVERRULED**.

It is further **ORDERED** that the magistrate judge's reports and recommendations [dkts # 12, 18] are **ADOPTED**. It is further **ORDERED** that the plaintiffs' motion to extend time to serve the complaint and motion for relief under Fed. R. Civ. P. 60(b) [dkt # 15] is **DENIED.**

It is further **ORDERED** that the plaintiffs' emergency *ex parte* motion for a temporary restraining order [dkt # 20] is **DENIED as moot.**

It is further **ORDERED** that the action against the remaining defendants is **DISMISSED without prejudice** for want of prosecution.

                                                s/David M. Lawson
                                                DAVID M. LAWSON

United States District Judge

Dated: May 4, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 4, 2009.

                                     s/Lisa M. Ware
                                     LISA M. WARE